**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CARL ZEISS VISION, INC., Plaintiff, v. MATTHEW KEGLER, Defendant. | : | 3:26-CV-01752 (SFR) |

## PRELIMINARY INJUNCTION

Plaintiff Carl Zeiss Vision, Inc. ("CZV") brought an action against its former employee Defendant Matthew Kegler alleging breach of contract, misappropriation of trade secrets, and breach of the duty of loyalty. ECF No. 1. Concurrent with its Complaint, CZV filed a Motion for a Temporary Restraining Order to enjoin Kegler from using any CZV confidential information or company records, order Kegler to return any such data in his permission, submit to a forensic examination of his personal electronic devices, and comply with the terms of CZV's non-compete agreement in his new employment. ECF Nos. 2-5.

On October 9, 2026, the Court held a status conference, during which the parties represented that they had reached an agreement with respect to the entry of a preliminary injunction. The parties filed their agreed-upon proposed preliminary injunction on October 14, 2026. ECF No. 21. Given the consent of Kegler to entry of the preliminary injunction, and having considered CZV's Complaint and attached exhibits as well as the arguments asserted by CZV in support of its Motion for a Temporary Restraining Order, the Court finds good cause for the entry of the following Preliminary Injunction ("Injunction").

IT IS HEREBY ORDERED THAT:

A. Defendant, and all persons acting in concert with him who receive actual notice of this Injunction, are enjoined from using, disclosing, transmitting, deleting, altering, or destroying CZV Confidential Information or Company Records, as such terms are defined in Defendant's 2021 Protective Covenants Agreement (the "Protective Covenants Agreement") with CZV;

B. Defendant shall immediately act to preserve and return all CZV property and all originals, copies, extracts, or derivatives of CZV Confidential Information and Company Records in his possession, custody, or control;

C. Within five days of entry of this Injunction, Defendant shall identify every personal email account, cloud-storage platform, device, external storage medium, messaging account, or other location to which CZV Confidential Information or Company Records were sent, uploaded, saved, accessed, or transferred;

D. Within five days of entry of this Injunction, Defendant shall submit to CZV any personal computers, mobile devices, email accounts, cloud-storage accounts, and external storage media that he used for work purposes during his employment with CZV or transmitted CZV information to for inspection by an agreed-upon independent forensic examiner, under an appropriate protocol protecting unrelated personal information and privilege, to preserve evidence, identify access and dissemination, and remove or quarantine any CZV Confidential Information or Company Records;

E. Defendant is prohibited from accessing, deleting, modifying, opening, forwarding, copying, or otherwise altering files or metadata associated with CZV Confidential Information pending completion of the forensic process;

F. Within 10 days of completion of the forensic process, Defendant shall provide CZV with a written attestation that he does not have possession, custody, or control of any CZV Confidential Information and has not used or disclosed any Confidential Information in violation of the Protective Covenants Agreement;

G. Pursuant to Section 5.3 of the Protective Covenants Agreement, Defendant is enjoined through September 24, 2027, from providing, supervising, or managing services for Hoya Corporation within the Assigned Territory, as defined in Addendum B to the Protective Covenants Agreement, that are similar in purpose or function to those he provided for CZV or that would involve the probable use or disclosure of CZV Confidential Information.

IT IS FURTHER ORDERED THAT:

H. The Parties stipulate, and the Court finds, that no security is required under Rule 65(c);

I. This Injunction shall remain in effect until further order of the Court, final judgment in this action, or written stipulation of the parties approved by the Court;

J. The Court retains jurisdiction over the parties and over this action for purposes of enforcing, interpreting, modifying, or implementing this Injunction.

**SO ORDERED.**

New Haven, Connecticut
October 16, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge